# United States District Court
### NORTHERN DISTRICT OF GEORGIA

FILED IN CHAMBERS
JUN 11 2015
U.S. MAGISTRATE JUDGE
N D. GEORGIA

UNITED STATES OF AMERICA

v.

Kenneth Copeland

**CRIMINAL COMPLAINT**

Case Number: 1:15 – MJ - 490

I, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about April 28, 2015 in Fulton County, in the Northern District of Georgia, defendant did knowingly possess a firearm, in or affecting interstate or foreign commerce, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year; further, on or about June 10, 2015, in Fulton County, in the Northern District of Georgia, defendant did knowingly possess a firearm, in or affecting interstate or foreign commerce, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year

in violation of Title 18, United States Code, Section(s) 922 (g)(1).

I further state that I am a(n) Special Agent and that this complaint is based on the following facts:

**PLEASE SEE ATTACHED AFFIDAVIT**

Continued on the attached sheet and made a part hereof.    Yes

Signature of Complainant
Tyra Cunningham

Based upon this complaint, this Court finds that there is probable cause to believe that an offense has been committed and that the defendant has committed it. Sworn to before me, and subscribed in my presence

June 11, 2015                                        at   Atlanta, Georgia
Date                                                       City and State

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer                         Signature of Judicial Officer
SAUSA Katherine I. Terry

## **AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT**

I, TYRA CUNNINGHAM, affiant, being first duly sworn, hereby depose and state as follows:

INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a criminal complaint and warrant for arrest of KENNETH COPELAND for violations of Title 18, United States Code, Section 922 (g)(1), Possession of a Firearm by Prohibited Person.

2. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been since January 30, 2010. As such, I am authorized to conduct investigations and make arrests pursuant to Title 18, United States Code, Section 2510(8). I am currently assigned to the Atlanta Field Division, Atlanta, GA. My experience as an ATF agent includes being assigned to conduct criminal investigations occurring in the Northern District of Georgia. I have conducted investigations of violations of federal law so empowered as a law enforcement officer of the United States. During my tenure as an ATF agent, I have experience in firearms, narcotics and arson investigations. I have assisted state and local law enforcement in their investigations related to activity involving firearms, narcotics and arson in violation of state and federal criminal statutes.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

4. On April 28, 2015 Atlanta Police Department (APD) Zone 3 Units responded to 477 Windsor Street, S.W. (Dunbar Recreational Center) on a person armed call. An anonymous caller advised a person had a "machine gun" in a white shopping bag inside the center. The caller advised the person was wearing True Religion Jeans and was currently playing basketball at the recreation center. Law enforcement arrived and observed that KENNETH COPELAND was one of three individuals matching the subject description given anonymously to APD Dispatch. The APD officers observed a white H&M shopping bag on the bleachers nearby the basketball courts. Inside the shopping bag officers located a Diamond Back .223 assault rifle, serial number DB-1804561, as well as Christmas ornaments. Law enforcement took the assault rifle into custody but did not arrest anyone that day.

5. Law enforcement subsequently obtained surveillance video of the incident. The surveillance video shows COPELAND walking into the gym carrying a white H&M shopping bag. The video also shows COPELAND placing the white H&M bag down on the bleachers and proceeding to play basketball, an activity COPELAND continued to participate in until APD officers arrived.

6. ATF Task Force Officer (TFO) Andrew Griffin performed a trace on the Diamond Back assault rifle. The ATF trace showed the gun was purchased by COPELAND's associate and suspected fellow gang member, Quindarrius ZACHARY, on January 20, 2015.

7. Law enforcement determined that COPELAND had three felony convictions prior to his possession of the Diamond Back assault rifle on April 28, 2015.

8. Based on the above information, on May 28, 2015, Fulton County Magistrate Court Judge J.M. Anderson issued three arrest warrants for COPELAND for Possession of Firearm by Convicted Felon, Reckless Conduct, and Participation in Criminal Street Gang Activity.

9. On June 10, 2015 at approximately 7:00 a.m., United States Marshal Service (USMS) Southeast Regional Fugitive Task Force (SERFTF) officers executed the arrest warrants at 170 Moury Ave, Apt. 3104, Atlanta, GA. COPELAND was found in the kitchen area of the apartment and taken into custody. The apartment is currently leased by Daishawn QUARTERMAN (COPELAND's girlfriend and mother of his child). QUARTERMAN signed a search form giving consent for law enforcement to search the apartment.

10. During the search of the apartment, QUARTERMAN told law enforcement that several people were in the apartment the day before. QUARTERMAN, however, said that there was not a gun in the apartment because she had a baby living there. Law enforcement, however, located in the kitchen utensil drawer a Smith & Wesson, model M & P, 9mm caliber pistol, serial number MPW 4849. After law enforcement found the pistol, QUARTERMAN said the pistol was not hers. An ACIC (Atlanta Crime Information Center) check showed the gun was reported stolen in Clayton County on December 17, 2013. The only people present in the apartment at the time law enforcement arrived to execute the arrest warrant were COPELAND, QUATERMAN, and their infant child.

11. Based on his training and experience, ATF Agent Steve Kosh informed me that all Smith & Wesson model M & P firearms are manufactured outside the State of Georgia.

12. After his arrest, COPELAND was taken to APD Headquarters. COPELAND, after being read his Miranda rights, agreed to speak to law enforcement. COPELAND admitted that

he brought the Diamond Back assault rifle into the Dunbar Recreational center. COPELAND also stated he gave Quindarrius ZACHARY money to purchase a gun for COPELAND.

13. Based on his training and experience, ATF Agent Steve Kosh informed me that all Diamond Back assault rifles are manufactured outside the State of Georgia.

14. Law enforcement has also obtained certified copies of COPELAND's prior felony convictions from the Fulton County Superior Court: (1) aggravated assault (O.C.G.A. § 16-5-21) and possession of a firearm during the commission of a felony (O.C.G.A. § 16-11-106), case number 10SC96938, Fulton County Superior Court, March 7, 2011; (2) two counts of entering an automobile (O.C.G.A. § 16-8-18), case number 12SC1101195, Fulton County Superior Court, on August 12, 2013; and (3) three counts of terroristic threats (O.C.G.A. § 16-11-37) and three counts of aggravated assault (O.C.G.A. § 16-5-21), case number 12SC113315, Fulton County Superior Court, August 12, 2013.

## CONCLUSION

15. Based upon the evidence and the facts set forth in this affidavit, I submit that there is probable cause to believe that KENNETH COPELAND committed an offense in violation of Title 18, U.S.C. § 922 (g)(1) by knowingly possessing a firearm, in or affecting interstate or foreign commerce, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year. I respectfully request that this court authorize the arrest of KENNETH COPELAND.